ALTENBERND, Judge,
Specially concurring.
I agree that it may be useful to have the trial court fully consider the constitutionality of these local ordinances before this court considers the issue. But it should be clear that we are remanding this case to have the trial court resolve the constitutional issue that we decline to reach in this opinion.
The main substantive issue in this case, as alleged in the second amended complaint, is whether Angelo’s has a vested right to have its applications for conditional use permits for a sanitary landfill determined under the comprehensive plan and land development code in effect at the time its applications were filed. In count one of this complaint, Angelo’s alleges that Pasco County is equitably estopped from requiring Angelo’s to comply with changes in the comprehensive plan and land development code that substantially alter its rights.
It is undisputed that Angelo’s would be entitled to bring the action alleged in count one in circuit court in many counties in this state, including several in the Second District. However, Pasco County has enacted ordinances adopting amendments to the land development code that require persons in doubt as to their vested rights to seek an “administrative remedy.” As amended, the land development code designates the elected Board of County Commissioners to sit as a quasi-judicial board to determine whether a landowner like Angelo’s has vested rights.[9] According to the amendments, the Board’s written order can be appealed only to the local circuit court, and that court is restricted to *977 reviewing the order as if the proceeding were a “firsttier certiorari” proceeding.
Count two of the second amended complaint seeks a declaration that these provisions of the county land development code are unconstitutional for several reasons. It should be obvious that the primary argument is that the amendments to the county ordinances conflict with the proper constitutional jurisdiction of the courts under article V of the Florida Constitution.
Pasco County moved to dismiss the second amended complaint. As to count one, it argued that the circuit court lacked subject matter jurisdiction because Angelo’s had not exhausted the above-described administrative remedy. As to count two, in a somewhat circular argument, it claimed that courts have consistently recognized the need to exhaust administrative remedies and that there is no need to examine the constitutionality of this procedure.[10]
The order on appeal dismissed count one because Angelo’s had not exhausted its administrative remedies and dismissed count two for failure to state a cause of action. In other words, as to count one the circuit court enforced the amendments that Angelo’s sought to declare unconstitutional in count two. I agree with the majority that the circuit court erred in explaining that it was dismissing count two for failure to state a cause of action.
Our reversal will allow the parties to present these difficult constitutional issues to the circuit court in a thorough and orderly fashion. Hopefully, the circuit court will prepare an order addressing all of the constitutional theories. It seems obvious that this court will only be a way station on the trip to the supreme court to resolve these issues that affect one or more classes of constitutional officers.

. The filing fee for this proceeding appears to be $1500, an amount significantly higher than the filing fee in circuit court.

. If any district court has ruled on these constitutional issues, the parties have not cited to that case.